THOMAS J. SULLIVAN *vs.* WAKEFIELD WATER COMPANY.
ANN MARIE SULLIVAN, *p.a. vs.* SAME.

JULY 22, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. These actions of trespass on the case for negligence were tried together before a justice of the superior court sitting without a jury and were decided in favor of the defendant. Each case is here on an exception to the decision of the trial justice.

The cause of action in each case arises out of an accident to the plaintiff Ann Marie Sullivan, the infant daughter of plaintiff Thomas J. Sullivan, by reason of which she fell into an excavation in Robinson street, a public highway in the town of Narragansett, and sustained personal injuries. Inasmuch as the father's case is dependent upon and will be governed by the decision in his daughter's case, we shall hereinafter refer to the cases as though only plaintiff Ann Marie Sullivan's case was under consideration.

The essential facts are substantially undisputed. The plaintiff, a child of three and one half years, on October 12, 1938, was riding a tricycle in the early afternoon of that day on the easterly sidewalk of Robinson street, when the tricycle suddenly left the sidewalk and plunged her into an excavation about five feet deep and about one and one half feet from the sidewalk. This excavation was caused to be made by the defendant, and it was not denied that such excavation was unguarded and unbarricaded at the time of the accident. The day was bright and sunny and the excavation was plainly visible from the sidewalk, especially because dirt and asphalt, which was taken from the excavation site, was piled on each side of it, although it is admitted that nothing was piled at the end of the excavation near the sidewalk on which the plaintiff was riding.

There was no witness to the cause of the plaintiff's fall into the excavation. A workman on the opposite side of the street was the nearest to being an eyewitness. He testified

that he had seen the plaintiff, just before the accident, riding her tricycle on the sidewalk; that later, looking across the street, he just saw her as she was plunging into the excavation, with her tricycle on top of her; that he immediately rushed over and took her out of the excavation and carried her to her home, which was about two hundred feet from the excavation and on the same side of the street.

There was no testimony as to how the accident happened. The plaintiff, because of her tender years, was found by the trial justice to be incompetent as a witness. As we understand her counsel's argument, it is claimed that she is entitled to recover, on the ground that the defendant water company was negligent in leaving the excavation, which it had caused to be made so near the sidewalk, unguarded and unbarricaded, and that such negligence was the proximate cause of plaintiff's fall into the excavation and her resulting injury.

Whether or not defendant was guilty of negligence, in leaving an excavation unguarded in a public highway, is dependent upon the circumstances existing at the time of the accident. There are many cases which have held a defendant liable where the accident occurred in the nighttime or when, at other times, knowledge of the excavation could not reasonably be charged to the person injured. But no case has been cited to us and we have found none, in which a defendant has been held liable where the excavation was plain and visible and, therefore, must have been seen by any person who was exercising reasonable precaution for his own safety in using the highway.

In the instant case, therefore, there could be no question but that the defendant was not guilty of negligence in leaving the excavation unguarded and unbarricaded, inasmuch as it is admitted that it was plainly visible to a person traveling along either the sidewalk or the highway. But the question remains, would it be negligence, as to a child of such tender years as the plaintiff, if the defendant had notice, when it began its work in the highway and after it had made

the excavation, that children of such years were playing on the sidewalk in the immediate vicinity of the excavation, and would be in danger of falling therein, if it were left unguarded and unbarricaded.

The evidence here is that the defendant's workmen, who were making the excavation, had noticed small children playing on the sidewalk and that it had been necessary to warn them on one occasion to keep away from the excavation. With such evidence present in the record, it may be contended that it was negligence on the part of the defendant in the instant case not to take any means whatever to protect these young children from the danger of falling into the excavation while using the sidewalk, especially in view of the fact that one end of the excavation was so close to the sidewalk. Admitting but not deciding the soundness of such contention, it would not necessarily follow that the defendant's negligence was the proximate cause of the plaintiff's fall into the excavation.

The evidence shows that the plaintiff knew how to operate and control the tricycle and that she had been operating it safely along the sidewalk previously on the day of the accident; but the evidence does not show what caused the plaintiff to lose control of her tricycle and to leave the sidewalk and plunge her into the excavation. In the absence of such evidence, it is impossible to connect her fall with the alleged negligence of the defendant in leaving the excavation unguarded. It would be mere conjecture on the evidence here to hold that the plaintiff's fall was due to the failure of the defendant to guard the excavation.

Since the plaintiff has failed to show that the alleged negligence of the defendant, in leaving the excavation unguarded and unbarricaded, was the proximate, contributing cause of her fall, we are of the opinion that the trial justice did not err in finding that the defendant was not guilty of actionable negligence.

The plaintiffs' exceptions are, therefore, overruled, and each case is remitted to the superior court for the entry of judgment on the decision.

*William H. Leslie, Jr.,* for plaintiffs.

*Frank H. Swan, Jr., Frederick W. O'Connell, Swan, Keeney & Smith,* for defendant.